Daniel, J.
A Sheriff, who receives claims for collection, shall diligently endeavor to collect and pay them over, in like manner as constables are now bound; and in default of such duty, he and his sureties are liable for damages by suit on his official bond. Rev. Stat. ch. 109,. sec. 23. This Act was originally enacted in the year 1836. The Sheriff, as well as a constable, could and often did, before the passage of this Act, serve warrants, and return them before magistrates, and execute any judicial process, issuing from a magistrate’s Court, if it was directed to him as Sheriff. It was, in many parts of *382 the State, very common for the holders of claims to put them in the hands of the Sheriff or his deputy, for collection. And we suppose that the Legislature passed the above Act, to place the Sheriff and his sureties upon the same footing, on which a constable and his sureties were then placed, as to claims put in his hands. If claims were of an amount above the jurisdiction of a magistrate, they usually were placed in the hands of an attorney, to be sued on in a Court of Record ; if less, they usually were placed in the hands of a constable, who then became agent for the plaintiff, in having the warrant issued, and the judgment and execution obtained; and then he officially acted as constable, in enforcing the execution and collecting the money. The Sheriff, by the Act, is bound to collect and pay over claims, “in like manner as constables are now bound.” How are they bound ? The law requires a constable to collect, or diligently endeavor to collect, all claims put in his hands for collection, and pay over all sums, thereon received, either with or without suit. If the claim could not be collected without suit, the constable was to sue upon It. Where ? The answer seems plain, that he is to sue in the magistrate’s Court, whose ministerial officer the constable is. The claims mentioned in the Act, then, must be such as are within the jurisdiction of a Justice of the Peace, or are brought within his jurisdiction by judgments obtained before him. This being the proper construction of the aforesaid Statutes, as it seems to us, we think that the claim of $250, placed by the relator in the hands of Long, was not a claim, within the meaning of the Act, to subject him and his sureties. The claim was one, that should have been sued on in a Court of Record, and should more properly have been placed in the hands of an attorney at law, or an attorney in fact, for collection. We think that the judgment must be affirmed.
Per Curiam. Judgment affirmed.